Samuel Ray (SBN 308921)
Colla & Ray LLP
250 Columbus Avenue, Suite 200
San Francisco, CA 94133
415-579-1414
sam@collaray.com
**Attorney for Petitioner**

### UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INCLINE VENTURES II LLC., a Nevada Limited Liability Company;<br><br>Petitioner,<br><br>vs.<br><br>BLACK OAK CREEK TRIBAL CORPORATION,<br><br>Respondent. | Case No.:<br><br>**PETITION TO CONFIRM ARBITRATION AWARD AND ENTER JUDGMENT THEREON**<br><br>[9 U.S.C. § 9] |

### INTRODUCTION

Petitioner Incline Venture II LLC ("Incline" or "Petitioner") respectfully petitions this Court pursuant to Section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, for an order confirming the Final Award (the "Award") issued on June 27, 2025, by Arbitrator Gordon W. Netzorg in American Arbitration Association ("AAA") Case No. 01-24-0003-0953. The Award resolves all claims and counterclaims between Petitioner and Respondent Black Oak Creek Tribal Corporation ("Black Oak" or "Respondent") arising out of a Development and Operations Agreement dated March 1, 2021 (the "DOA"). Petitioner further requests that this Court enter judgment in Petitioner's favor and against Respondent in accordance with the Award in its entirety.

This Petition is made on the following grounds:

PETITION TO CONFIRM ARBITRATION AWARD AND ENTER JUDGMENT THEREON

**PARTIES**

1.      Petitioner Incline Venture II LLC is a Nevada limited liability company that was a party to the arbitration and the prevailing claimant under the Award.

2.      Respondent Black Oak Creek Tribal Corporation is a tribal corporation located in Inyo County, California, that was a party to the arbitration and the respondent against whom the Award was entered. Black Oak was formed under the authority of the Fort Independence Indian Community ("FIIC").

**JURISDICTION AND VENUE**

3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 exclusive of interest and costs, and the dispute is between citizens of different states and/or entities for purposes of federal jurisdiction. This Petition is brought pursuant to Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9.

4.      This Court also has subject matter jurisdiction under 9 U.S.C. § 9, which provides that a party to an arbitration may apply to the United States court in and for the district within which the award was made for an order confirming the award. Further, this Court has jurisdiction under 28 U.S.C. § 1331, as this matter arises under the FAA, a federal statute.

5.      Venue is proper in this District under 9 U.S.C. § 9 because the arbitration hearing was conducted within this judicial district and the underlying Development and Operations Agreement ("DOA") concerned operations located in Inyo County, California, within the Eastern District of California. Venue is also proper pursuant to the DOA, which expressly provides that arbitration awards issued under the agreement may be enforced in a court of competent jurisdiction located within the Eastern District of California. The DOA further contains

2

PETITION TO CONFIRM ARBITRATION AWARD AND ENTER JUDGMENT THEREON

Respondent's express limited waiver of sovereign immunity for purposes of arbitration and judicial enforcement of any resulting arbitration award. (Decl. Hall ¶ 4, Exh. A §§ 26.3–26.6.)

## BACKGROUND

### I.   The Arbitration Agreement

6.   On March 1, 2021, Incline and Black Oak entered into the DOA, a comprehensive 93-page agreement governing the development and operation of a cannabis dispensary and cultivation facility located on tribal lands in Inyo County, California. (See Declaration of Joseph Hall ("Decl. Hall") ¶ 3, Exh. A.)

7.   Section 26 of the DOA contains a binding arbitration clause requiring that disputes arising under the agreement be resolved through arbitration administered by the American Arbitration Association ("AAA"). Section 26 further provides that arbitration awards issued under the agreement shall be final and binding and that judgment upon the award may be entered in any court of competent jurisdiction. The DOA also contains Respondent's express limited waiver of sovereign immunity for purposes of arbitration and judicial enforcement of any resulting arbitration award. (Decl. Hall ¶ 4, Exh. A §§ 26.3–26.6.)

### II.   The Arbitration Proceedings

8.   Incline commenced arbitration proceedings before the AAA, which were assigned Case No. 01-24-0003-0953. Arbitrator Gordon W. Netzorg was duly appointed to preside over the matter.

9.   Incline filed its Complaint on June 19, 2024, asserting claims for breach of contract, breach of fiduciary duty, promissory estoppel, accounting, and unjust enrichment. (Decl. Hall ¶ 6, Exh. B.) Black Oak filed its Amended Answer and Counterclaim on July 8, 2024. (Decl. Hall ¶ 7, Exh. C.)

PETITION TO CONFIRM ARBITRATION AWARD AND ENTER JUDGMENT THEREON

10.     During the course of pre-hearing proceedings, the AAA notified the Arbitrator and the parties that Black Oak had failed to satisfy its financial obligations under the AAA Rules. Pursuant to Rule R-59, the Arbitrator issued an Order to Show Cause and subsequently entered Order No. 8, which, among other things, prohibited Black Oak from pursuing its counterclaim and from filing motions, while preserving its right to defend against Incline's claims. (Decl. Hall ¶ 8, Exh. D.)

11.     After Incline advanced Black Oak's share of the required deposits, the final evidentiary hearing was conducted on April 8–10, 2025. Both parties were represented by counsel, presented sworn witness statements, called and cross-examined witnesses, and submitted documentary evidence. The Arbitrator issued an Interim Award on May 7, 2025. (Decl. Hall ¶ 10, Exh. E, F.)

**III.    The Final Award**

12.     On June 27, 2025, Arbitrator Netzorg issued the Final Award, finding in favor of Incline and against Black Oak on Incline's breach of contract claim. The Arbitrator determined that Black Oak wrongfully dissolved in violation of the DOA's termination provisions, which required written notice and an opportunity to cure, neither of which Black Oak provided. The Arbitrator further found that Incline had provided proper notice of default with methods to cure, which Black Oak ignored. (Decl. Hall ¶ 15, Exh. G, H.)

13.     The Arbitrator expressly found that Black Oak wrongfully dissolved without complying with the DOA's mandatory notice-and-cure provisions despite Incline having provided notice of default and an opportunity to cure. The Arbitrator further found that the dispensary resumed operations shortly after dissolution under the same name, at the same location, and under substantially the same management. (Decl. Hall ¶ 15, Exh. G.)

PETITION TO CONFIRM ARBITRATION AWARD AND ENTER JUDGMENT THEREON

14.    The Arbitrator awarded Incline the following:

a. Damages in the amount of $414,108.00, representing net advances made by Incline to Black Oak, plus prejudgment interest at the Federal Interest Rate (28 U.S.C. § 1961) from February 14, 2024, until satisfied;

b. Attorney fees in the amount of $118,980.00;

c. Costs, including court reporter fees, in the amount of $9,450.44;

d. Reimbursement of AAA administrative fees and Arbitrator compensation in the amount of $78,750.00; and

e. Post-award interest on all fees, costs, and expenses at the Federal Interest Rate from the date of the Final Award until satisfied.

15.    The Award denied all of Black Oak's counterclaims, affirmative defenses, and crossclaims. The Award states that it is "final, binding, and enforceable in any court of competent jurisdiction."

16.    A true and correct copy of the Final Award is attached as Exhibit G to the Declaration of Joseph Hall filed herewith and incorporated herein by reference.

## CONFIRMATION OF THE AWARD

17.    Section 9 of the FAA provides that "[i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." 9 U.S.C. § 9.

PETITION TO CONFIRM ARBITRATION AWARD AND ENTER JUDGMENT THEREON

18.    Here, the DOA's arbitration clause satisfies Section 9's threshold requirements. The parties agreed in Section 26 of the DOA that all disputes would be submitted to binding arbitration and that judgment upon the award may be entered in any court of competent jurisdiction. (Decl. Hall ¶ 4, Exh. A, pp. 58–64.) The arbitration was conducted within this judicial district, and the Award is final and binding. Accordingly, Petitioner is entitled to confirmation of the Award as a matter of right.

19.    "Review of an arbitration award is '"both limited and highly deferential"' and the arbitration award "may be vacated only if it is 'completely irrational' or 'constitutes manifest disregard of the law.'" *Comedy Club, Inc. v. Improv W. Assocs.*, 553 F.3d 1277, 1288 (9th Cir. 2009) (quoting *Poweragent Inc. v. Elec. Data Sys. Corp.*, 358 F.3d 1187, 1193 (9th Cir. 2004)); *see also Kyocera Corp. v. Prudential-Bache Trade Services, Inc.*, 341 F.3d 987, 994 (9th Cir. 2003) ("[N]either erroneous legal conclusions nor unsubstantiated factual findings justify federal court review of an arbitral award.").

20.    Confirmation of an arbitration award is a summary proceeding that "merely makes what is already a final arbitration award a judgment of the court." *Romero v. Citibank U.S.A.*, 551 F. Supp. 2d 1010, 1014 (E.D. Cal. 2008) *(quoting Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 175–76 (2d Cir. 1984)). The FAA's "provision for judicial confirmation carries no hint of flexibility," and the statute "unequivocally tells courts to grant confirmation in all cases, except when one of the 'prescribed' exceptions applies." *Hall Street Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 587 (2008); *see also Kyocera Corp. v. Prudential-Bache Trade Services, Inc.*, 341 F.3d 987, 997 (9th Cir. 2003) *(citing* 9 U.S.C. § 9) ("the court must grant such an order unless the award is vacated, modified, or corrected"). The sole grounds for vacatur or modification are the narrow categories enumerated in 9 U.S.C. §§ 10 and 11.

PETITION TO CONFIRM ARBITRATION AWARD AND ENTER JUDGMENT THEREON

21.     Here, the Award was issued by a duly appointed arbitrator following a full evidentiary hearing at which both parties were represented by counsel, presented evidence, and examined witnesses. The Arbitrator's findings are well-reasoned and grounded in the evidence. There is no basis for vacatur or modification under 9 U.S.C. §§ 10 or 11. The Arbitrator expressly determined that the Award resolved all claims submitted for arbitration and that the Award is final, binding, and enforceable in a court of competent jurisdiction.

22.     The Petition is timely. The Award was issued on June 27, 2025, and this Petition is being filed within the one-year period prescribed by 9 U.S.C. § 9. Furthermore, the Award has not been vacated or modified, and no request to vacate, modify, or correct the Award has been made within the three-month period after service of the Award prescribed by 9 U.S.C. § 12. Accordingly, the Award should be confirmed.

## SOVEREIGN IMMUNITY DOES NOT BAR CONFIRMATION

23.     To the extent Respondent may assert sovereign immunity as a defense to confirmation, such defense is unavailing. By entering into the DOA—which contains a binding arbitration provision—and by participating fully in the arbitration proceedings through counsel, Black Oak waived any claim of sovereign immunity with respect to judicial enforcement of the Award. The DOA expressly includes Respondent's limited waiver of sovereign immunity for purposes of arbitration and enforcement of any arbitration award. (Decl. Hall ¶ 4, Exh. A, pp. 60–61.) *See C & L Enterprises, Inc. v. Citizen Band Potawatomi Indian Tribe of Oklahoma*, 532 U.S. 411, 418–23 (2001) (holding that a tribe's agreement to arbitrate disputes and to the enforcement of arbitral awards in any court having jurisdiction constituted a clear waiver of sovereign immunity).

PETITION TO CONFIRM ARBITRATION AWARD AND ENTER JUDGMENT THEREON

24.     Moreover, the Arbitrator considered and rejected Black Oak's sovereign immunity defense during the arbitration proceedings. The Award expressly resolved all claims, defenses, and affirmative defenses, and is final and binding.

**PRAYER FOR RELIEF**

WHEREFORE, Petitioner Incline Venture II LLC respectfully requests that this Court:

1.     Confirm the Final Award dated June 27, 2025, in AAA Case No. 01-24-0003-0953, in its entirety;

2.     Enter judgment in favor of Petitioner and against Respondent Black Oak Creek Tribal Corporation in the principal amount of $414,108.00, as specifically set forth in the Award, plus prejudgment interest at the Federal Interest Rate (28 U.S.C. § 1961) from February 14, 2024, until the date of judgment;

3.     Enter judgment for attorney fees in the amount of $118,980.00, as specifically set forth in the Award;

4.     Enter judgment for costs, including court reporter fees, in the amount of $9,450.44, as specifically set forth in the Award;

5.     Enter judgment for reimbursement of AAA administrative fees and Arbitrator compensation in the amount of $78,750.00, as specifically set forth in the Award;

6.     Award post-judgment interest on all amounts at the Federal Interest Rate from the date of judgment until satisfied;

7.     Award Petitioner such other and further relief as this Court deems just and proper.


Dated: May 20, 2026                    /s/ Samuel Ray
                                       SAMUEL RAY, Esq.
                                       COLLA & RAY LLP
                                       Attorneys for Petitioner

8

PETITION TO CONFIRM ARBITRATION AWARD AND ENTER JUDGMENT THEREON